Roberts v. Los Alamos National Security, LLC

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1.  WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER").  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York on the 12th day of April, two thousand nineteen.

Present:     RALPH K. WINTER,
             ROSEMARY S. POOLER,
                       *Circuit Judges*.
             RONNIE ABRAMS,[1]
                       *District Judge*.

---

SAMUEL M. ROBERTS,

                    *Plaintiff-Appellant*,

              v.                                        17-3175

LOS ALAMOS NATIONAL SECURITY, LLC,

        *Defendant - Cross-Claimant - Third-Party Plaintiff - Cross-Defendant –
        Counter-Defendant - Appellee,*

UNIVERSITY OF ROCHESTER,

        *Third-Party Defendant - Counter-Claimant – Appellee*.[2]

---

[1] Judge Ronnie Abrams, United States District Court for the Southern District of New York, sitting by designation.

[2] The Clerk of the Court is directed to amend the caption as above.

Appearing for Appellant:       Louis J. Micca, Pittsford, N.Y.

Appearing for Appellee
Los Alamo National
Security, LLC:                 Greta K. Kolcon, Woods Oviatt Gilman LLP (Beryl Nusbaum, *on the brief*), Rochester, N.Y.

Appearing for Appellee
University of Rochester:        Eric J. Ward, Ward Greenberg Heller & Reidy LLP (William R. Leinen, *on the brief*), Rochester, N.Y.

Appeal from the United States District Court for the Western District of New York (Larimer, *J.*).

     **ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of said District Court be and it hereby is **AFFIRMED**.

     Samuel M. Roberts appeals from the October 2, 2017 decision and order of the United States District Court for the Western District of New York (Larimer, *J.*) granting summary judgment to defendant Los Alamos National Security, LLC ("Los Alamos") and third-party defendant University of Rochester ("University"). We assume the parties' familiarity with the underlying facts, procedural history, and specification of issues for review.

     Roberts first argues that the district court erred in not following the mandate of this Court in *Roberts v. University of Rocheter*, 573 Fed. App'x 29 (2d Cir. 2014). He argues that there, "the Second Circuit already reviewed the law relative to Los Alamos' duty and has held that Plaintiff has established his *prima facia* case." "We determine *de novo* the meaning of a previous mandate of this Court." *Brown v. City of New York*, 862 F.3d 182, 184 (2d Cir. 2017). It is well-settled that a district court cannot stray from the mandate issued by an appellate court, such that "[w]here a mandate limits the issues open for consideration on remand, a district court ordinarily cannot consider additional issues." *Puricelli v. Argentina*, 797 F.3d 213, 218 (2d Cir. 2015). Here, this Court's earlier decision explicitly declined to find that Los Alamos owed Roberts a duty as a matter of law. *Roberts*, 573 Fed. App'x at 34 ("We wish to make clear that we do not hold that Los Alamos owed Roberts a duty of care; rather, we conclude that there are genuine factual disputes that affect the determination of whether Los Alamos owed Roberts a duty and, therefore, Los Alamos is not entitled to summary judgment."). The first round of summary judgment motions came early in the discovery process, leaving an incomplete record that left open questions of material facts. On remand, the parties engaged in discovery before engaging in a second round of summary judgment motions. With the benefit of that discovery, the district court considered anew the question of whether Los Alamos owed Roberts a duty. This is consistent with the mandate, as well as the rule that determining whether a duty exists is a job for the court in the first instance. *See Palka v. Servicemaster Mgmt. Servs. Corp.*, 83 N.Y.2d 579, 585 (1994) (question of whether a duty exists is a legal question for the court).

     Roberts next argues that the district court erred in finding that Los Alamos did not owe Roberts a duty. Roberts argues that the undisputed facts definitively establish that (1) Los

Alamos was the user of the LLE and the HYNTD on the day of the accident; (2) Los Alamos had a duty to follow the University's rules regarding the LLE and equipment, (3) Lost Alamos had a duty to list the HYNTD as a non-qualified piece of equipment on LFORM, and (4) Los Alamos was barred from using the HYNTD until it was qualified, and violated its duty to Roberts in failing to do so. However, the fully developed record establishes that the University represented to Los Alamos that the HYNTD was available as a qualified diagnostic. There was no basis for Los Alamos to believe otherwise. The record makes clear that neither Los Alamos nor Herrmann had any sort of access to the HYTND, or to its installation, that would allow it to question the inclusion of the HYTND on the list of qualified diagnostics available to outside researchers.

We have considered the remainder of Robert's arguments and find them to be without merit. Accordingly, the order of the district court hereby is AFFIRMED. Each side to bear its own costs.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

3